UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERICH PRINZ,                              No.
    Plaintiff

V.

ERIK ABRAHAMSON,
CITY OF BEVERLY,
    Defendants

# COMPLAINT AND REQUEST FOR JURY TRIAL

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiff's constitutional rights brought pursuant to 42 U. S.C. §1983 and related state law. The Plaintiff, Erich Prinz, alleges that the Defendant, Erik Abrahamson, used excessive force in illegally seizing and detaining him in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Acts. M.G.L. c. 12 §11. The Plaintiff further alleges that the Defendant, City of Beverly, has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens and has failed to adequately train, monitor and supervise its police officers.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and upon the pendant jurisdiction of this court to entertain claims arising under state law.

## PARTIES

3. The Plaintiff, Erich Prinz, is an individual who resides in Boxford, Massachusetts. The Plaintiff is a business owner in the City of Beverly.

4. The Defendant, Erik Abrahamson (hereinafter "Abrahamson"), is an individual who resides in Beverly, Massachusetts. At all times relevant hereto, Abrahamson was a police officer employed by the City of Beverly. Abrahamson is sued in his individual capacity and as a police officer.

5. The Defendant, City of Beverly, is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## FACTS

6. In the winter of 2007-2008, the Plaintiff became aware that his then wife, Darlene Prinz (hereinafter "Darlene"), was involved in an extra-marital affair with Abrahamson. Both Darlene and Abrahamson were employed by the City of Beverly as police officers. The Plaintiff and Abrahamson had met each other prior to the discovery of the affair.

7. The day after the Plaintiff learned of the affair, an officer from the City of Beverly Police Department appeared at the Plaintiff's place of business to "make sure there was not going to be any problems" with either Darlene and/or Abrahamson as a result of the affair.

8. As a result of the affair, the Plaintiff and Darlene were divorced. Subsequent to the divorce, police officers employed by the City of Beverly attempted to use their police presence to influence the relationship between the Plaintiff and Darlene. On September 11, 2008, Sargent Philip McCarthy of the Beverly Police Department contacted the Plaintiff and instructed him to meet him at the Vittori Rocci Post because "things were not looking good for him". At the meeting, Sargent McCarthy berated the Plaintiff and threatened to have him placed in jail if he did not comply with his demands relative to a child related matter with Darlene. The Plaintiff instructed Sargent McCarthy that the divorce judgment between he and Darlene permitted the course of action that was being taken and that Sargent McCarthy and the Beverly Police Department had no authority to interfere with it. Sargent McCarthy stated that he could do whatever he wanted including going to Probate Court and having the divorce judgment changed. Upon information and belief, Abrahamson and Darlene are engaged to be married and continue to reside together in Beverly, Massachusetts.

9. On or about October 5, 2010, the Plaintiff was operating a motor vehicle on a public way in the City of Beverly. He was travelling to a paint store to purchase supplies. The Plaintiff drove past a construction area on Route 1A and noticed that Abrahamson was working a police traffic detail as a uniformed member of the City of Beverly Police Department. The Plaintiff drove past Abrahamson and the two looked at each other. The Plaintiff pulled into the parking lot of the paint store and entered the establishment

without incident. After completing his purchase, the Plaintiff left the store and began his return trip past the construction site and Abrahamson.

10. As the Plaintiff travelled on the road, Abrahamson was waiving traffic forward in the opposite direction. The Plaintiff stopped his vehicle. Abrahamson quickly approached the vehicle and began screaming at the Plaintiff. Abrahamson shouted profanities at the Plaintiff and demanded that he turn his engine off. The Plaintiff asked Abrahamson not to speak to him in that fashion. Abrahamson demanded to see the Plaintiff's driver's license. The Plaintiff responded by saying "you know who I am". Abrahamson demanded to see his license. As the Plaintiff attempted to comply by taking his wallet out of his jacket pocket, Abrahamson drew his police service issued revolver and pointed it at the Plaintiff's head. The Plaintiff nervously asked what he was doing. Abrahamson responded by saying "Shut the Fuck Up and put your hands on the wheel". The Plaintiff, fearing for his life, complied. Abrahamson continued to point the weapon at the Plaintiff while glaring at him in an intimidating and threatening fashion for several minutes. Abrahamson seized the Plaintiff and required him to remain at that location.

11. Other members of the Beverly Police department arrived at the scene. Upon arrival, the other police officers asked Abrahamson what was going on. Abrahamson did not respond initially and instead remained squarely focused on the Plaintiff while pointing his weapon. The other officers eventually were successful in persuading Abrahamson to put his weapon down and remove himself from the area. The other officers asked the Plaintiff for his license. The Plaintiff complied. The Plaintiff was permitted to leave the scene without arrest or exiting his vehicle. Neither the Plaintiff nor his vehicle was ever searched by the police officers.

12. On February 4, 2011, the Plaintiff told Darlene that he was pursuing a claim against Abrahamson and the Beverly Police Department as a result of the incident that occurred on October 5, 2010. That day, Darlene filed an application for an Abuse Prevention Order pursuant to MGL c. 209A in the Salem District Court.

13. Although this was not a criminal matter, Darlene was accompanied by Abrahamson and a uniformed Sargent of the Beverly Police Department at the hearing for the restraining order.

14. As a direct and proximate result of the acts and/or omissions of Abrahamson and the City of Beverly, its agents, servants and/or employees, the Plaintiff

was caused to experience severe emotional distress, humiliation, shame and mental anguish.

15. Abrahamson's conduct was the result of evil motives or intent or reckless or callous indifferently to the Plaintiff's federally protected rights.

16. The City of Beverly, through the Police Department, has demonstrated a custom or policy of deliberate indifference to the rights of the Plaintiff.

## COUNT I

### Violation of 42 U.S. C. § 1983, by Abrahamson

17. The Plaintiff restates the allegations in paragraph 1 through 16 and incorporates them herein by reference.

18. By the actions described above in paragraphs 1 through 17, Abrahamson, acting under color of law, deprived the Plaintiff of his right to be free from unreasonable seizures and the use of excessive force, in violation of 42 U.S. C. § 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

19. On October 5, 2010 Abrahamson interfered with, or attempted to interfere with, the Plaintiff's exercise and/or enjoyment of the rights secured by the Constitution and/or laws of the United States and/or the Commonwealth of Massachusetts.

20. Abrahamson's interference and/or attempted interference with the Plaintiff's exercise or enjoyment of rights secured by the Constitution and/or laws of the United States and/or Commonwealth of Massachusetts was by threats, intimidation or coercion.

21. As a direct and proximate result of Abrahamson's violation of 42 U.S.C. § 1983, the plaintiff was caused to experience emotional distress, mental anguish, shame, humiliation and incur medical expense.

**WHEREFORE**, the Plaintiff demands compensatory and punitive damages against Abrahamson together with interest, costs, and attorney fees.

## COUNT II

### Violation of 42 U.S. C. § 1983, by City of Beverly

22. The Plaintiff restates the allegations in paragraphs 1 through 21 and incorporate said paragraphs herein.

23. By the actions described above in paragraphs 1 through 22, the City of Beverly Police Department has demonstrated a custom or policy of deliberate indifference to the rights of its citizens by:

    a. Failing to adequately train its police officers in the proper use of force and arrest procedures;
    b. Failing to adequately supervise its officers, such as Abrahamson who are prone to make unlawful seizures and use excessive force; and
    c. Failing to take disciplinary action against officers, such as Abrahamson who violate the rights of citizens by using excessive force and making unlawful seizures.
    d. Failing to adequately supervise its officers so that they would not harass, intimidate or threaten the plaintiff.

24. As a direct and proximate result of the aforesaid acts and/or omissions of the City of Beverly, its agents, servants and/or employees, who were acting under color of law, the Plaintiff was caused to experience emotional distress, mental anguish, shame, humiliation and incur medical expense.

**WHEREFORE**, the Plaintiff demands compensatory and punitive damages Against the City of Beverly together with interest, costs, and attorney fees.

## COUNT III

### Violation of Massachusetts Civil Rights Act (MCRA) by Abrahamson and the City of Beverly

25. The plaintiff restates the allegations in paragraphs 1 through 24 and incorporate said paragraphs herein.

26. By the actions described in paragraphs 1 through 25, Abrahamson and the City of Beverly violated the Plaintiff's civil rights through threats, intimidation and coercion in violation of MGL. C. 12 § 11H and 11I.

27. As a direct and proximate result of the aforesaid acts and/or omissions of Abrahamson and the City of Beverly, its agents, servants and/or employees, who were acting under color of law, the Plaintiff was caused to experience emotional distress, mental anguish, shame, humiliation and incur medical expense.

**WHEREFORE**, the Plaintiff demands compensatory and punitive damages Against Abrahamson and the City of Beverly together with interest, costs, and attorney fees.

## COUNT IV

### Intentional Infliction of Emotional Distress - Abrahamson

28. The Plaintiff incorporates by reference paragraphs 1 through 27 set forth above.

29. By his actions, Abrahamson intended to inflict emotional distress on the plaintiff.

30. Abrahamson's conduct was extreme and outrageous and beyond all possible bounds of decency and was utterly intolerable in civilized community.

31. As a direct and proximate cause of Abrahamson's conduct, the Plaintiff was cause to experience severe emotional distress, humiliation, shame and mental anguish of a nature that no reasonable person could be expected to endure.

**WHEREFORE**, the Plaintiff demands compensatory and punitive damages Against Abrahamson together with interest, costs, and attorney fees.

## COUNT V

### Assault - Abrahamson

32. The Plaintiff incorporates by reference paragraphs 1 through 31 set forth above.

33. On or about October 5, 2010, Abrahamson committed an assault on the Plaintiff by placing him in imminent apprehension of a harmful or offensive battery.

34. Officer Abrahamson's unlawful conduct referenced to above was committed while he was in the course and scope of his employment as a police officer with the Defendant, City of Beverly.

35. As a direct and proximate result of Abrahamson's assault the Plaintiff was caused to sustain damages including mental anguish, emotional distress, shame and humiliation.

   **WHEREFORE**, the Plaintiff demands compensatory and punitive damages Against Abrahamson together with interest, costs, and attorney fees.

## COUNT VI

### Violation of M.G.L. c. 258 City of Beverly

36. The Plaintiff incorporates by reference paragraphs 1 through 35 set forth above.

37. On or about October 5, 2010, Abrahamson negligently committed an assault on the Plaintiff.

38. Officer Abrahamson negligent and unlawful conduct referenced to above was committed while he was in the course and scope of his employment as a police officer with the Defendant, City of Beverly.

39. On August 25, 2011, the Plaintiff made presentment via certified mail upon the City of Beverly pursuant to M.G.L. c. 258. The allegations contained in said presentment are incorporated herein by reference.

40. As a direct and proximate result of the Defendant, City of Beverly's negligence and unlawful conduct and/or the negligence and unlawful conduct of its agents, employees, and/or servants, the Plaintiff was caused to sustain damages including mental anguish and medical expense.

   **WHEREFORE**, the Plaintiff requests that this Court award:

   1. Compensatory damages against all Defendants, jointly and severally;

   2. Punitive damages against the individual Defendants;

   3. The costs of this Action, including reasonable attorney's fees; and,

4. Such other and further relief as this Court my deem necessary and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Plaintiff by his attorney,

/s/ Michael B. Brodigan
Michael B. Brodigan
Brodigan and Gardiner, LLP
40 Broad Street
Boston, MA 02109
617 542-1871
BBO #566829

DATED: July 25, 2012